IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INTELLECTUAL SPORTING GOODS, LLC, a Georgia company, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. _____ |
| v. | ) ) | |
| SYNLAWN, LLC, a Georgia company; LOWE'S COMPANIES, INC., a North Carolina corporation; GOLFSMITH INTERNATIONAL, INC., a Delaware corporation. | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | | |

## COMPLAINT

For its Complaint, Plaintiff Intellectual Sporting Goods, LLC ("ISG") states

the following against Defendants Synlawn, LLC, Lowe's Companies, Inc., and

Golfsmith International, Inc..

## PARTIES

1.     ISG is a Georgia company with a principal place of business at 9745

Almaviva Drive, Johns Creek, Georgia 30022.

2.     Defendant Synlawn, LLC ("Synlawn") is a Georgia limited liability

company with a principal place of business at 2680 Abutment Rd., Dalton, Georgia

30721.  The registered agent listed for Synlawn is William Peeples at 1906 S.

Hamilton St., Dalton, Georgia 30720.

3.    Defendant Lowe's Companies, Inc. ("Lowe's") is a corporation of

North Carolina with a principal place of business at 1000 Lowe's Blvd.,

Mooresville, North Carolina 28117.  The registered agent listed for Lowe's is

Corporation Service Company at 327 Hillsborough Street, Raleigh, North Carolina

27603-1725.

4.    Defendant Golfsmith International, Inc. ("Golfsmith") is a corporation

of Delaware with a principal place of business at 11000 North IH-35, Austin,

Texas 78753.  The registered agent listed for Golfsmith is Registered Agent

Solutions, Inc. at 1679 S. Dupont Hwy, Suite 100, Dover, Delaware 19901.

## JURISDICTION AND VENUE

5.  This is an action for patent infringement arising under the patent laws of

the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq*.

Accordingly, this Court has subject matter jurisdiction over this cause of action

pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Defendants because, on

information and belief, Defendants transact business in this State, have committed

tortious acts in this State, have committed a tortious act outside the State causing

injury in the State, and have derived substantial revenue or engaged in a persistent

course of conduct in the State and the claims alleged arise out of such acts, and/or have otherwise established contacts within this State making the exercise of personal jurisdiction proper.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendants transact business within this District and offer for sale in this District products that infringe ISG's asserted patent.  In addition, venue is proper because ISG's principal place of business is in this District and ISG has suffered harm in this District.  Moreover, a substantial part of the events giving rise to ISG's claims have occurred and, unless enjoined, will continue to occur within this District.

## NATURE OF THE ACTION

8.      Brian Puterbaugh is a golf professional and member of the PGA who developed an ornamental putting green design for which he sought and received patent protection.

9.      U.S. Patent No. D566,218, entitled "Heavy Duty Chipping and Putting Green," (hereinafter "the 'D218 Patent"), was duly and legally issued on April 8, 2008.  A true and correct copy of the 'D218 Patent is attached hereto as Exhibit A.

10.     Mr. Puterbaugh owns and operates ISG.

11.     Mr. Puterbaugh conveyed his rights, title, and interest in and to the 'D218 Patent to ISG through an assignment duly recorded in the United States Patent and Trademark Office at Reel 32693, Frame 587 on April 3, 2014.

12.     ISG is the owner of the entire right, title, and interest in and to the 'D218 Patent, including the right to sue for past and present infringements thereof.

13.     Defendant Synlawn designs, manufactures, and sells artificial turf products, including a line of Dave Pelz GreenMaker putting greens.

14.     Defendants Synlawn, Lowe's, and Golfsmith, as well as their respective customers and distribution partners, advertise, market, distribute, offer for sale, and sell the Dave Pelz GreenMaker putting green product line.

15.     As the below side-by-side comparison reveals, Synlawn has misappropriated ISG's patented putting green design in the Dave Pelz GreenMaker product line, which embodies several ornamental elements of ISG's proprietary design.

**ISG's 'D218 Patent**          **Synlawn's GreenMaker**



16.    On or about April 15, 2014, ISG mailed Synlawn a letter discussing the 'D218 Patent, Synlawn's Dave Pelz GreenMaker putting green product line, and the opportunity to license the 'D218 Patent.

17.    On or about May 29, 2014, a representative of ISG spoke with George Neagle, Vice President of Sales and Marketing at Synlawn, regarding the 'D218 Patent, Synlawn's Dave Pelz GreenMaker putting green product line, and the opportunity to license the 'D218 Patent.  During that conversation, Mr. Neagle confirmed receipt of ISG's letter of April 15, 2014.

## FIRST CLAIM FOR RELIEF
### (Infringement of the 'D218 Patent)

18.    ISG repeats and incorporates by reference the allegations in the preceding paragraphs.

19.    Defendants' have infringed and continue to infringe the 'D218 Patent in this judicial district, and elsewhere in the United States.  Defendants' infringement arises out of the same transaction, occurrence, or series of transactions or occurrences and includes, without limitation, making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, the Dave Pelz GreenMaker products identified in this Complaint, which embody the design covered by the 'D218 Patent.

20.    Defendants have had notice of the 'D218 Patent and their infringement since at least April 15, 2014.

21.     Defendants' infringing activities have been without an express or implied license from ISG.

### PRAYER FOR RELIEF

ISG therefore prays that:

1.     A judgment in favor of Plaintiff ISG that Defendants have infringed the asserted patent (the 'D218 Patent);

2.     A temporary, preliminary, and permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement, including directly or indirectly infringing, or inducing or contributing to the infringement by others of the asserted patent;

3.     A judgment and order requiring Defendants to pay ISG its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the asserted patent as provided under 35 U.S.C. § 284;

4.     A judgment and order finding that the damages awarded to ISG be increased up to three times in view of Defendants' willful infringement of the asserted patent as provided under 35 U.S.C. § 284;

5.     A judgment and order declaring that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to ISG its reasonable attorneys' fees and other expenses incurred in connection with this action;

6.     Any and all other relief as this Court may deem just and proper be awarded to Plaintiff ISG.

## **<u>JURY TRIAL DEMAND</u>**

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.


Date: July 24, 2015                    Respectfully submitted,


_____
Benjamin D. Bailey, Ga. Bar No. 117201
Brannon C. McKay, Ga. Bar No. 558603
Clayton, McKay & Bailey, PC
1155 Mt. Vernon Hwy.
Suite 800
Atlanta, GA 30338
678-667-1388 (ph.)
404-704-0670 (fax)
bbailey@cmbpc.com
bmckay@cmbpc.com

Attorneys for Plaintiff Intellectual Sporting
Goods, LLC